UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DARRYL NIGEL JOHNSON,

       Defendant.
_____/

Criminal Case No.
10-CR-20328

HON. MARK A. GOLDSMITH

## ORDER DISMISSING FOR LACK OF JURISDICTION DEFENDANT'S MOTION SEEKING CREDIT FOR TIME SERVED

Defendant, who is currently incarcerated at FCI McKean in Bradford, Pennsylvania and proceeding pro se, has filed a motion seeking credit for time served. Defendant's motion is governed by 18 U.S.C. § 3585(b), which provides that federal prisoners are entitled to credit against their federal sentence for any time served "prior to the date the sentence commences" if that time "has not been credited against another sentence."

"[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons," United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001), and district courts have authority to review the matter only after administrative remedies are exhausted. United States v. Wilson, 503 U.S. 329, 333 (1992); see also United States v. Lewis, 966 F.2d 1455 (Table), 1992 WL 137129 (6th Cir. June 17, 1992). The record in the present case does not reflect that Defendant has exhausted his administrative remedies with the Attorney General; therefore, the Court lacks jurisdiction over the motion and dismisses it for that reason. In any event, even had Defendant exhausted his administrative remedies, the Court would still dismiss the motion for lack of jurisdiction because the law is settled that motions challenging the

computation of credit for time served are properly construed as petitions for habeas corpus relief pursuant to 28 U.S.C. § 2241, and petitions for habeas corpus under § 2241 must be filed in the district court that has jurisdiction over the prisoner's place of confinement.  See <u>Ores v. Warden, FCI Texarkana</u>, 50 F.3d 10 (Table), 1995 WL 113825 (6th Cir. Mar. 16, 1995).  Defendant here is presently incarcerated at FCI McKean in Bradford, Pennsylvania, an institution located within the Western District of Pennsylvania.  Thus, even had Defendant exhausted his administrative remedies, this Court would still lack jurisdiction over the motion.

For these reasons, the Court dismisses Defendant's motion for lack of jurisdiction.

SO ORDERED.

Dated:  June 6, 2013        s/Mark A. Goldsmith
Flint, Michigan             MARK A. GOLDSMITH
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2013.

                            s/Deborah J. Goltz
                            DEBORAH J. GOLTZ
                            Case Manager